**Gregory A. KOWALSKI, Plaintiff,**

**v.**

**ALPHA KAPPA ALPHA SORORITY, INC., et al., Defendants.**

**No. 1:97 CV 00274.**

United States District Court, N.D. Ohio, Eastern Division.

Dec. 15, 1997.

---

Arthur L. Clements, III, Tricarichi & Carnes, Reginald P. Trubey, Jr., Nigolian, Trubey & Columbro, Cleveland, OH, for plaintiff.

---

Michael Tuan Bustamante, Sonali Bustamante Wilson, Bustamante, Bustamante & Associates, Cleveland, OH, Hubert Thompson, Carney & Brothers, Ellen E. Douglass, Law Offices of Ellen E. Douglass, Chicago, IL, Susan C. Hastings, Marcia McGratty, Squire, Sanders & Dempsey, Cleveland, OH, for Alpha Kappa Alpha Sorority, Inc.

Susan C. Hastings, Marcia McGratty, Squire, Sanders & Dempsey, Cleveland, OH, for Minact, Inc.

## MEMORANDUM OPINION AND ORDER

NUGENT, District Judge.

This matter comes before the Court on the Motion of Defendant Alpha Kappa Alpha Sorority (the "Sorority") to Dismiss First Amended Complaint (Document # 27) and the Motion of Defendant Minact, Inc. to Dismiss the First Amended Complaint. (Document # 26). Both motions are brought pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons discussed below, Defendants' Motions to Dismiss are DENIED.

### Procedural Background

Plaintiff filed this action against the Sorority and Minact pursuant to 18 U.S.C. § 1031(h)(1) (the "Major Fraud Act") on January 31, 1997, later amended on July 14, 1997, alleging that he was terminated from his position with the Cleveland Job Corps Center by Defendants because of his actions undertaken in furtherance of an investigation and/or prosecution related to the Cleveland Job Corps Center. Plaintiff alleges that he was interviewed several times by Sorority employees and attorneys regarding his part in the investigation and that on January 31, 1991, he was notified by letter on Minact stationary that he would no longer have a job as Director of Support Services for the Cleveland Job Corps Center. Plaintiff alleges that he was discriminated against in his employment by the Sorority and Minact as a result of his cooperation in the investigation involving the Cleveland Job Corps Center.

### Standard of Review

When evaluating a motion for dismissal under Fed.R.Civ.P. 12(b)(6), the district court must accept the factual allegations in the complaint as true, and construe all reasonable inferences in favor of the plaintiff. *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995); *Jones v. City of Carlisle, Ky.,* 3 F.3d 945, 947 (6th Cir.1993) (court must consider the pleadings and affidavits in a light must favorable to the plaintiff.)

### Law and Argument

In their Motions to Dismiss, both Defendants assert that Plaintiff's action under the Major Fraud Act is time barred. The Major Fraud Act, 18 U.S.C. § 1301, addresses and punishes attempts by prime contractors to defraud the United States or to obtain money or property by means of false pretenses in any procurement of property or services as a prime contractor of the United States. The statute is both penal and remedial in nature. The penal provisions of the Act provide that a prosecution of an offense under the Major Fraud Act may be commenced any time not later than seven (7) years after the offense is committed, plus any additional time otherwise allowed by law. *See* 28 U.S.C. § 1031(f).

The remedial provision of the Act, 18 U.S.C. § 1031(h), pursuant to which this action is filed, does not contain a specific limitations period. The Defendants contend that the Court should borrow the six month limitations period from Ohio Rev.Code § 4113.52 (the Ohio Whistleblower Act). If that limitations period were applied Plaintiff's action would clearly be time barred. Plaintiff asserts that the six year limitations period provided by the federal False Claims Act, 31 U.S.C. § 3730, should be applied. Plaintiff's action would be timely if the six year period were borrowed from the False Claims Act.

When, as here, there is no federal statute of limitations expressly applicable to a federal cause of action, it is generally concluded that Congress intended that the courts apply the most closely analogous statute of limitations under state law. *See South Carolina v. Catawba Indian Tribe,* 476 U.S. 498, 106 S.Ct. 2039, 90 L.Ed.2d 490 (1986); *Carruthers Ready–Mix, Inc. v. Cement Masons Local Union No. 520,* 779 F.2d 320 (6th Cir. 1985). However, when adoption of state statutes would be at odds with the purpose or

operation of federal substantive law, timeliness rules have been drawn from federal law. *See DelCostello v. Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) ("[W]hen a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking, we have not hesitated to turn away from state law.")

After reviewing both the False Claims Act and the Ohio Whistleblower statute, it is apparent that the False Claims Act is significantly more analogous to the Major Fraud Act. The language is essentially identical and the purposes of both Acts is to protect the United States Government from fraud and protect employees who assist the Government in reporting or identifying such fraud. The False Claims Act applies only to employees of the United States. The Major Fraud Act extends the same protection offered by the False Claims Act to employees of employers who contract with the United States. Congress has set a six year statute of limitations for violation of the False Claims Act. 31 U.S.C. 37 § 31(b).

The Ohio Whistleblower Statute, while offering employees some protection from retaliation from reporting employer violations of state or federal law, is not significantly similar to the Major Fraud Act. The Ohio statute requires the employee to report any violations to his employer, not a law enforcement agency and allows the employee to bring a civil suit for any retaliatory action only if he follows specific procedures. If the employee's claims falls within the rather narrow confines of the Act, the employee must bring suit within 180 days of the disciplinary or retaliatory action. Ohio Rev.Code § 4113.52(D).

As with the False Claims Act, it is clear that Congress, in enacting the Major Fraud Act, intended to protect the United States from fraud. Borrowing a restrictive six month statute of limitations from an Ohio statute will frustrate Congress' intent. When "borrowing" a statute of limitations for a federal claim, a court must "assure that the importation of state law will not frustrate or interfere with the implementation of national policies." *Occidental Life Ins. Co. v. EEOC,* 432 U.S. 355, 367, 97 S.Ct. 2447, 2455, 53 L.Ed.2d 402, 412 (1977). Accordingly, in this instance, application of the six year statute of limitations from the False Claims Act will better give effect to Congress' intent of protecting employees who identify and cooperate in investigations of fraud against the United States.

### Conclusion

For the foregoing reasons, Defendants' Motions to Dismiss (Documents #26 and #27) are DENIED.[1]

IT IS SO ORDERED.

---

1. The Sorority also moves to dismiss the First Amended Complaint on the ground that it does not state a claim against the Sorority. Specifically, the Sorority claims that the Amended Complaint fails to allege that the Sorority was the entity which did not hire or retain Plaintiff and fails to allege how the Sorority discriminated against Plaintiff. The First Amended Complaint alleges that Minact acted as the Sorority's agent at all times, that Plaintiff was repeatedly interviewed by Sorority employees and attorneys regarding the federal investigation and that the Sorority and its agents discriminated against him in the conditions and terms of his employment as a result of his part in the investigation. Plaintiff's allegations are sufficient to state a claim against the Sorority. Accordingly, the Sorority's 12(b)(6) Motion to Dismiss for failure to state a claim is DENIED. .